EDWIN MORRIS, Plaintiff and Appellant, v. SALMON I. BEECHER, CHARLES R. DEAN, EUGENE V. MCKNIGHT, GEORGE S. BARNES, ELIZABETH MCKNIGHT, *et al.*, Defendants and Respondents.

1. **Mortgages — Satisfaction; Reinstatement; Priority.**

Mortgagee in a lost, and for that reason unrecorded, mortgage, having executed and recorded an instrument certifying that such mortgage had been paid and satisfied, cannot reinstate the prior lien of his mortgage as against an innocent assignee for value of a second mortgage, who buys relying upon the satisfaction as an extinguishment of the prior mortgage, although the mortgagees in the second mortgage knew of the unrecorded mortgage, and took their lien expressly subject to it.

2. **Same; Notice.**

The fact that, about the time of the execution and recording of the satisfaction, another mortgage for about the same amount as the unrecorded mortgage, given to the same mortgagee, by one who had assumed the unrecorded mortgage, but given subsequently to the second mortgage, was executed and recorded, is not sufficient to put the purchaser of the second mortgage upon inquiry as to whether the unrecorded mortgage had in fact been paid and satisfied, as against the recorded satisfaction given by the first mortgagee, although such substituted mortgage recites that the property is free from all incumbrances.

(Opinion Filed May 12, 1890.)

*A*PPEAL from district court, Cass county; Hon. WM. B. MCCONNELL, Judge.

W. P. Miller and Ball & Smith, for the appellant, argued: When a new mortgage is substituted for an old one, in ignorance of an intervening lien, the old mortgage may be restored and given its original priority; citing, Jones on Mtgs. vol. 2, § 971; Bruce v. Nelson, 35 Iowa 157; Rump v. Gerkins, 59 Cal. 496; Geib v. Reynolds, 28 N. W. Rep. 923; Pomeroy's Equity, vol. 2, § 849; Fergusson v. Glassford, 35 N. W. Rep. 820. Beecher and Dean contracted for a lien inferior to that of plaintiff, and therefore have no equity superior to plaintiff's rights. Barnes took his assignment from Beecher subject to all equities existing against the latter; citing, Westerbrook v.

Gleson, 79 N. Y. 23; Jones v. Smith, 22 Mich. 360; Pom. Eq. vol. 1, § 704–9, 733; Oster v. Mickley, 28 N. Rep. 710; Hostetter v. Alexander, 22 Minn. 559. The exception to this rule in favor of assignee of mortgage securing a negotiable note does not apply here because the note secured was non-negotiable. The language of the recorded release of the first mortgage (quoted in the opinion below) was sufficient to put Barnes upon inquiry; and he was bound by all that the record disclosed; citing, Jones on Mtgs. §§ 557–63; Youngs v. Wilson, 27 N. Y. 351. The new mortgage to Morris was recorded before the assignment to Barnes was recorded, and thereby Barnes was shut out. Decker v. Boice, 83 N. Y. 215. The record of the Beecher & Dean mortgage was not constructive notice to Morris. Jones on Mtgs. §§ 723, 982, 624.

Messrs. Francis & Southard, (Thomas & Davis of counsel,) for respondents, argued: A mortgage released in ignorance of an intervening right, cannot be restored to its former priority against such as have in good faith acquired rights on the faith of the release; citing, Pom. Eq., vol. 2, §§ 776–83; Jones on Mtgs. § 966.

CORLISS, C. J. This controversy presents conflicting claims of the plaintiff, and of the defendant Elizabeth McKnight to certain real estate. Each asserts title under foreclosure of a different mortgage upon the same land. The effort of each, therefore, is to sustain the priority of the mortgage under which he or she claims title. The plaintiff in 1881 was the owner of the property in question. On the 27th of June of that year he conveyed the same to Beecher & Dean, taking back a purchase-money mortgage for $4,500 upon the land, which, however, was never recorded, having been subsequently lost. Beecher & Dean on the 14th of September, 1882, conveyed the premises to Eugene McKnight, who assumed this unrecorded mortgage, and gave back to Beecher & Dean a purchase-money mortgage, which in express terms was made subject to the unrecorded mortgage. Dean thereafter assigned to Beecher his interest in the mortgage given to Beecher & Dean. Eugene McKnight having bought the land subject to the unrecorded

mortgage, and having assumed the same, and the mortgagee therein, the plaintiff in this action, being without satisfactory evidence of his mortgage lien, it was agreed that McKnight should give this plaintiff another mortgage on the land as a substitute for the lost mortgage, "and to stand in place thereof, and to evidence the existence thereof." This new mortgage was not given or received in satisfaction of the lost mortgage. This mortgage was in the ordinary form, to secure $4,815, and contained no reference to the lost mortgage; nor was there anything on the face of it to show that it was given merely as a substitute for such lost mortgage. It in fact appeared to be a new and independent lien on the property. It is under the foreclosure of this mortgage that plaintiff claims title. At the same time, and as part of the same transaction, plaintiff executed and delivered to McKnight an instrument which was recorded August 11, 1884, and, as the decision of this cause depends in the main upon the construction of this paper, we deem it best to set it forth fully: "I, Edwin Morris, mortgagee, do hereby certify that a certain indenture of mortgage, bearing date the 20th day of June, in the year of our Lord one thousand eight hundred and eighty-one, made and executed by Salmon I. Beecher and Charles R. Dean, upon section seven, (7) township one hundred and thirty-nine (139) north, of range fifty (50) west, in the county of Cass, and territory of Dakota, and due on the 20th day of June, in the year of our Lord one thousand eight hundred and eighty-four. It is the intention of this instrument to satisfy a certain mortgage for forty-five hundred ($4,500) dollars, and bearing seven per cent. interest, given by Salmon I. Beecher and Charles R. Dean, on or about June 20th, 1881, to Edwin Morris, which said mortgage has been lost or mislaid; and I, Edwin Morris, mortgagee, guarantee Eugene V. McKnight, his heirs and assigns, against all loss or damage that may at any time be sustained by him, his heirs or assigns, by reason of said mortgage aforesaid, redeemed, paid off, satisfied and discharged. Dated the 14th day of July, 1884. Edwin Morris. [Seal.]"

The plaintiff at the time of accepting the new mortgage and executing this instrument did not in fact know of the existence

of the recorded mortgage to Beecher & Dean. Beecher, being the sole owner of this mortgage by assignment from Dean of his interest, transferred the mortgage to George S. Barnes on the 3d of September, 1885. Barnes paid full value for the mortgage, and bought it in good faith, relying, through his counsel, Hon. A. D. Thomas, on the apparent satisfaction and payment of the lost mortgage, as evidenced by the instrument from plaintiff to McKnight. The record disclosed that the first mortgage had in fact been paid and satisfied, and therefore that the mortgage which he was about to purchase, although formerly a second mortgage, had become, by this instrument, a first lien on the premises. It is immaterial whether this instrument was such a paper as was entitled to record, or whether its record operated as constructive notice. Judge Thomas and Mr. Barnes agree that the whole matter was left to the former to determine what was the condition of the record, and Judge Thomas positively swears that he in fact saw and examined the record of this instrument, and was satisfied from such examination that the lost mortgage had been satisfied, and that the mortgage which Barnes contemplated purchasing was a first lien on the property; and he so advised Mr. Barnes. The finding of the court in this regard is amply sustained by the evidence. If the instrument was calculated to and did mislead Judge Thomas, who was attorney for Mr. Barnes in the transaction, the case is the same as though Barnes himself had been personally misled. It is insisted that Barnes took subject to all equities as against the mortgage in the hands of Dean, who, it is unquestioned, held the mortgage subject to the right of the plaintiff to have the lost mortgage reinstated and established against him (Dean) as a prior lien. But a paramount principle makes ineffectual this doctrine under the facts of this case. Equitable estoppel seals the plaintiff's lips, and declares to him that he shall not invoke the rule that the purchaser must abide by the case of the person from whom he buys, because, by his written declaration that the lost mortgage had been paid and satisfied, he inveigled Barnes into purchasing the Beecher & Dean mortgage as a first lien on the property. He held out to him that it was a first lien, because he asserted that

the only prior lien was both paid and satisfied. Whether Barnes took subject to the prior equity in favor of the plaintiff we do not decide, for, assuming that he did, the plaintiff has by his own solemn act estopped himself from insisting on the priority of lien. Simpson v. Del Hoyo, 94 N. Y. 189, and cases cited; McNeil v. Bank, 46 N. Y. 325. Certainly the plaintiff is in no better position than he would have been had he personally stated to Barnes that his (plaintiff's) mortgage had been paid and satisfied, and Barnes, relying on that statement, and of course inferring from it that the mortgage he was about to purchase had become a first lien, had bought the mortgage for value and in good faith. Equity will listen to no plea against the words of a suitor, misleading another to his detriment, if the admission could be retracted. It is under the Beecher & Dean mortgage that defendant Elizabeth McKnight claims title.

It was urged that the fact that there appeared to have been recorded, about the same time this satisfaction was recorded, another mortgage to the same mortgagee as in the lost mortgage, and for about the same amount, was sufficient to put Barnes on inquiry as to whether the new mortgage and satisfaction together did not, in reality, constitute mere record evidence of a lost security, which it was never intended to cancel or release. In the first place, the mortgage is for several hundred dollars more than the lost mortgage, which is in no manner referred to therein, as would naturally have been done if it had been the design of the parties merely to create an evidence of a lost security. The mortgagor is not the same person in the two mortgages; and, although the new mortgage recites that the property is free from incumbrances, yet this cannot be held to be sufficient to make it the duty of Barnes or his attorney to inquire whether it was not intended as a mere evidence of the lost mortgage, because the mortgagee in the new mortgage had precluded all necessity for inquiring by executing with his own hand, and placing upon the public record, a statement that the lost mortgage had not only been satisfied, but also paid. He was guilty of gross negligence in making and recording such a statement without examining the record, to ascertain whether there was not an intervening incumbrance, which an innocent

purchaser might subsequently buy as a first lien, relying on the statements that the prior lien had been paid and satisfied. It is true that the recording of a subsequent lien is no notice to a prior incumbrancer; but it is difficult to see how this principle will permit a prior mortgagee to cancel the record of his mortgage without examining the records, and then insist upon the mortgage as a prior lien as against an innocent purchaser of a second mortgage, who relies upon the satisfaction as giving the mortgage he is about to purchase priority of lien. One who loans money on real estate, relying on a satisfaction of a mortgage thereon made by the record owner of the mortgage, which, however, had been previously assigned, the instrument not being recorded, is protected. Bacon v. Van Schoonhoven, 87 N. Y. 446. Clearly he would be protected where the satisfaction is made by one who is both on the record and in fact the owner of the mortgage satisfied. The assignee of a second mortgage, who so relies upon such a satisfaction, is as much entitled to protection as one who makes a loan on the property. The only difference is that one makes a loan on a second mortgage believing it to be a first lien, and the other buys a second mortgage believing it to be a paramount incumbrance. They are both deceived by the act of the first mortgagee, and therefore they are both equally entitled to protection as against his mortgage. The authorities fully sustain the conclusion we have reached. Ferguson v. Glassford, (Mich.) 35 N. W. Rep. 820; Sheldon v. Holmes, 58 Mich. 138, 24 N. W. Rep. 795; Lewis v. Kirk, 28 Kan. 497; Cornog v. Fuller, 30 Iowa, 212; Girardin v. Lampe, 58 Wis. 272, 16 N. W. Rep. 614; Van Keuren v. Corkins, 66 N. Y. 77; Clark, v. Mackin, 95 N. Y. 347. This last case is in point, the purchaser who was protected being a purchaser of a second mortgage, who bought the mortgage as a first lien on the strength of a satisfaction of a prior mortgage. But the case at bar is stronger; for there the satisfaction was executed by the mortgagee after he had assigned the mortgage, the assignment not being recorded, while in the case at bar the owner of the mortgage executed and recorded the satisfaction himself. In Clark v. Mackin the owner of the first lien by his negligence rendered it possible for an innocent person to be deceived by another,

whereas in the case at bar the owner himself made the statement which was calculated to and did mislead the innocent purchaser Barnes.

But we have discussed the case on a theory more favorable to the plaintiff than the facts would warrant. We have assumed that he is endeavoring by this action to reinstate his unrecorded mortgage, and have it declared a paramount lien. But the plaintiff is not in position to litigate that question, under the facts of the case. He has foreclosed what he claims was merely a substitute for the unrecorded mortgage, and is claiming title under that foreclosure, and asks to have that title quieted as against a title resting upon the prior recorded mortgage. Whatever right he would possess to have his old lost mortgage re-established, and the satisfaction thereof annulled, his rights, so long as he claims under the substituted mortgage, are inferior to those of the defendant, who derives title from the mortgage, which is a superior lien to such substituted mortgage. We do not hold that, if the element of estoppel were out of the case, it would not be competent for him to yet foreclose his lost mortgage, and in that action ask to have the equities and priorities of all parties determined. But we do decide that he cannot, without claiming under that mortgage, and without bringing an action to have it reinstated or foreclosed, insist upon any rights under it when his title rests solely upon a substituted mortgage, particularly in view of the fact that he has foreclosed his substituted mortgage by advertisement. A foreclosure of a mortgage satisfied of record in that manner being unauthorized and void, plaintiff could not have foreclosed his unrecorded mortgage by advertisement. Benson v. Markoe, (Minn.) 42 N. W. Rep. 787. The lien of the lost mortgage was destroyed by the satisfaction. A new lien was taken. Nevertheless equity would as between the parties, and as to all parties who had notice, cancel the satisfaction and revive the old lien. This relief would result in the destruction of the substituted mortgage, and put the parties back where they were before it was given. But this equity cannot do for the purpose of strengthening a title based upon a substituted mortgage. The party to secure the benefit of this equitable

right must claim under the original mortgage. He must ask to have it restored in an action brought for that purpose, or instituted to forclose it, or after he has obtained title under foreclosure of it. Equity can merely decree the re-establishment of the lost lien, or, when it has been foreclosed, give the title under it the same precedence it would have possessed had the lien never been satisfied. But the courts will not decree that the creditor who forecloses has secured by foreclosure of an inferior lien the same title he would have received had he enforced his superior lien. The judgment of the district court is affirmed.

WALLIN, J., having been of counsel, did not sit; TEMPLETON, J., of the first judicial district, sitting by request.