ATLAS LUMBER COMPANY, a Corporation, Respondent, v. CANADIAN-AMERICAN MORTGAGE & TRUST COMPANY, a Corporation, and Regent Grain Company, a Corporation, Appellants, and Kasper Goetz, International Harvester Company, a Corporation, John A. Meyer, Fargo Loan Agency, a Corporation, Selma A. Miller and M. C. Thress, Respondents.

(161 N. W. 604.)

**Record of instrument — one required to file — subsequent purchasers — encumbrancers — protection of — recording officer — errors of — not chargeable with — property.**

1. One who is required to file an instrument for record as a protection to subsequent purchasers and encumbrancers is not chargeable with the consequences of errors committed by the recording officer in entering it as affecting property not embraced in the instrument.

**District court — clerk of — mechanics' lien — satisfaction of — description of property — entry by clerk — mistake — lien not satisfied.**

2. When a clerk of a district court enters a satisfaction of a mechanics' lien opposite a description not embraced in the satisfaction filed with him, and a subsequent encumbrancer is misled thereby, the lien is not rendered inferior to the encumbrance.

**Lien — intention to enforce — notice of — failure to give — not fatal where party appears and defends.**

3. The failure to give the notice of intention to enforce a lien required by § 6825 of the Compiled Laws of 1913 is not fatal where the party to be notified has appeared and defended the action, and where no prejudice has been shown to result from such failure.

**Trial — evidence — findings.**

4. Evidence found sufficient to support finding of demand.

On Petition for Rehearing.

5. Where the complaint in an action to foreclose a mechanics' lien contains an allegation of ownership in the defendant at the time of the filing of the lien, though there be no allegation of ownership at the time the contract was made or the materials supplied, and where appellants' claim is based upon a mortgage subsequently executed by the person against whom the lien is claimed, a judgment favorable to the plaintiff will not be reversed because of a lack of satisfactory evidence of ownership, but in such case the judgment will be

affirmed, conditioned upon the plaintiff supplying satisfactory proof of such ownership as will sustain the lien.

Opinion filed February 5, 1917.

Appeal from District Court of Hettinger County, *W. C. Crawford,* J. Affirmed.

*Jacobsen & Murray,* for appellants.

The entry of the satisfaction of a mechanics' lien by the clerk of court has the effect of clearing the real estate from the effect of such lien. Comp. Laws 1913, § 6829.

A mechanics' lien not properly indexed and abstracted is void as against an innocent purchaser or encumbrancer. Red River Lumber Co. v. Children of Israel, 7 N. D. 46, 73 N. W. 203; Turner v. St. John, 8 N. D. 245, 78 N. W. 340.

It is fatal to the maintenance of an action to foreclose a mechanics' lien that no notice of intention to enforce such lien was given. Comp. Laws 1913, § 6825; 27 Cyc. 323.

Where the contract itself or the statute provides that notice of intention to foreclose or enforce a lien be given and filed, such conditions must be met, and compliance must be pleaded and proved. 27 Cyc. 25; North Dakota Lumber Co. v. Bulger, 19 N. D. 516, 125 N. W. 883.

Before filing a written demand for payment is a condition prerequisite. Comp. Laws 1913, § 6814; North Dakota Lumber Co. v. Bulger, supra; 27 Cyc. 110, 111, 119, 120.

*Otto Thress,* for respondent.

The failure of the clerk of court to properly file, index, and abstract a mechanics' lien delivered to him for such purpose, does not affect the validity of the lien. It is not required of the lien claimant that he stand by and know that the clerk performs his statutory duty. Red River Lumber Co. v. Children of Israel, 7 N. D. 46, 73 N. W. 203.

The law in existence at the time of filing the lien is the law which governs. To hold otherwise would be to impair vested rights, and place burdens upon the lien claimant which did not exist when he exercised his statutory right. Craig v. Herzman, 9 N. D. 140, 81 N. W. 288.

When a lien is filed according to the requirements of the law at that time, it becomes a fixed right, that cannot be added to or taken from.

Waters v. Dixie Lumber & Mfg. Co. 106 Ga. 592, 71 Am. St. Rep. 281, 32 S. E. 636.

If the change in the law is remedial only, then the remedy can be waived. The voluntary appearance of the parties and participation in the trial amount to a complete waiver, and the parties cannot complain. 31 Cyc. 733; Blades v. Des Moines City R. Co. 146 Iowa, 580, 123 N. W. 1057; Robertson Lumber Co. v. State Bank, 14 N. D. 511, 105 N. W. 719; Hoppes v. Baie, 105 Iowa, 648, 75 N. W. 495.

If the person by whom the contract for the building or improvement was made was not the owner, but subsequently became the absolute owner or acquired larger interest than he formerly had, the lien attaches to the subsequently acquired interest. 27 Cyc. 229; Madler v. Twin City Box Factory, 125 Minn. 207, 145 N. W. 1072; Lyon v. McGuffey, 4 Pa. 126, 45 Am. Dec. 675; Flocte v. Brown, 104 Iowa, 154, 65 Am. St. Rep. 34, 73 N. W. 483; Brown v. Jones, 52 Minn. 484, 55 N. W. 54; Courtemanche v. Blackstone Valley Street R. Co. 170 Mass. 50, 64 Am. St. Rep. 275, 48 N. E. 937; Trueblood v. Shellhouse, 19 Ind. App. 91, 49 N. E. 47.

BIRDZELL, J. This action was brought by the Atlas Lumber Company against the defendants to foreclose a mechanics' lien on the south half (S. ½) of the southwest quarter (S. W. ¼) and the south half (S. ½) of the southeast quarter (S. E. ¼) of section 10–134–97, which, as alleged in the complaint, was owned by one Kasper Goetz, a defendant in the action. The lien resulted from the furnishing of materials for the improvement of a certain dwelling house situated upon the premises described. The case was tried in the district court of Hettinger county, resulting in a judgment for the plaintiff for $156.10 and costs. The judgment further decreed the sale of the property by way of foreclosure of the mechanics' lien, and established the judgment as a lien superior to the interest of all of the defendants. From the judgment of the trial court the defendants the Canadian-American Mortgage & Trust Company and the Regent Grain Company appeal and demand a review of the entire case in this court.

Upon this appeal the appellants predicate error upon the findings of the trial court according to which the respondent's judgment was declared to be superior to the rights claimed by the appellants. The prin-

cipal fact upon which appellants' claim to priority rests is the mistake of the clerk of the district court in entering a satisfaction of respondent's lien in the following manner: On November 17, 1911, respondent filed a mechanics' lien describing the land affected as the northwest quarter (N. W. $\frac{1}{4}$) of section 10–134–97. Later on respondent discovered that it had made a mistake in the description, whereupon it filed anew upon the south half (S. $\frac{1}{2}$) of the southwest quarter (S. W. $\frac{1}{4}$) and the south half (S. $\frac{1}{2}$) of the southeast quarter (S. E. $\frac{1}{4}$) of section 10–134–97. At the date of the filing, respondent also filed a satisfaction of the lien erroneously placed against the northwest quarter (N. W. $\frac{1}{4}$) of section 10–134–97. In entering this satisfaction the clerk of the district court, through mistake, made an entry in the margin of the record of such corrected lien as follows: "Satisfied December 19, 1911, entered and filed at 1 o'clock P. M. L. F. Hoffman, Clerk." Through this mistake it was made to appear that the lien of the respondent was satisfied, when as a matter of fact such was not the case. Appellants, having advanced money in reliance upon the security of the land affected by the lien and having relied upon the entry of the clerk, contend that they are good faith encumbrancers and are consequently entitled to priority over the holder of the lien so erroneously satisfied by the clerk.

The contention of the appellants, based upon the erroneous entry of satisfaction by the clerk, requires a consideration of the general purpose and intent of the various provisions of the statute requiring the filing of mechanics' liens and their satisfaction. Generally speaking, the purpose of recording statutes is to provide protection to those who might rely upon the ostensible evidence of ownership after the ostensible owner has parted with some interest in the property to a third party. Recording statutes operate to the advantage of the subsequent purchasers and encumbrancers, who are by their operation apprised of the nature of the interest which the grantor or assignor can transfer, and of the claims of third persons in the property. Were it not for the recording statutes, subsequent purchasers and encumbrancers would be subjected to the risk of prior conveyances and liens except in those instances where they might obtain a prior right by virtue of the operation of some equitable principle.

In view of the purpose for which recording statutes are adopted, we think it more just and more consonant with reason to hold that the con-

sequences of the failure of a recording officer to perform his statutory duties with precision and accuracy should be visited rather upon those in whose interest such statutes are enacted than upon those who have in all ways complied with the statutes requiring the filing of instruments for record. 34 Cyc. 589; Throckmorton v. Price, 28 Tex. 606, 95 Am. Dec. 334; Franklin v. Cannon, 1 Root, 500; Judd v. Woodruff, 2 Root, 298.

Had the subsequent encumbrancers in the case before us examined the contents of the satisfaction filed with the clerk of the district court, they could have been in no way misled by the entry on the record; for it is apparent that the respondent's lien was not satisfied thereby. If they chose to place reliance upon the entry of a clerk, rather than upon a personal inspection of the instrument which had been filed with him, they must abide the consequences of their error. It was not incumbent upon the respondent to direct the clerk in the performance of his official duties. Respondent did its full duty when it filed the instruments as required by law. We discover nothing in the statutes that militates against the general principles above set forth, and in our opinion they are quite decisive of this branch of the case.

It might be argued with some force that the principles above discussed are not applicable to filing and recording under the Mechanics' Lien Law, for the reason that a mechanics' lien is wholly a creature of statute, and that the statute must be fully complied with in order to secure the benefits intended. However forcibly this argument might apply to the steps required in complying with the conditions necessary to perfect one's lien, it clearly can have no application to a situation where a lien exists and has been improperly noted as satisfied.

It is next contended by appellants that the respondent cannot succeed in this action by reason of its failure to serve the statutory notice of intention to enforce its mechanics' lien as required by § 6825 of the Compiled Laws of 1913. The record owner upon whom such notice is required to be served appeared in the court below and defended the action. No circumstances are set forth showing that any prejudice has resulted from the failure to give the notice. In this situation the ends of justice certainly do not require the dismissal of this action.

It is also contended that the respondent's alleged lien fails, because it has not been shown that Goetz was the owner of the land; or, if he

were not the owner, that the owner was notified by registered mail prior to the furnishing of the materials. In our opinion this contention is likewise untenable. Appellants' claim in this case is based upon subsequent mortgages executed by Goetz. Both plaintiff and defendants in the court below claimed through Goetz, and the case was apparently tried on the assumption that Goetz was the owner. It is undisputed that the materials were purchased by Goetz, and the lien statement itself, which is in evidence, shows that the lien was claimed against Goetz as owner of the property upon which the materials were used.

It is further contended that the respondent is not entitled to the lien for the reason that he has failed to comply with § 6825 of the Compiled Laws of 1913 requiring that a written demand for the payment of the account must be made at least fifteen days prior to the filing of the lien. A stipulation of facts signed by counsel for appellants contains the following recital: "That thereafter said plaintiff demanded payment of such said sum, and after fifteen days after making such a demand the plaintiff filed a purported claim for mechanics' lien in the office of the clerk of court." It is true that the stipulation does not state that the demand was in writing, but it does state that it was made more than fifteen days before the filing of the mechanics' lien. In the absence of a showing to the contrary, the natural inference would be that the demand was such as to comply with the statute.

Finding that the judgment of the trial court is amply supported by the law, and by the evidence in the record, it is in all things affirmed.

## On Petition for Rehearing.

BIRDZELL, J. In their petition for rehearing counsel for appellants urge that the complaint is insufficient in failing to allege that Kasper Goetz was the owner of the premises at the time the materials were supplied, and that there is no competent evidence in the record establishing that he was such owner. The complaint alleges that the lien was filed on the 17th of November, 1911, and that Kasper Goetz was at that time the owner and in possession of the premises.

It is true that the contract under which the materials were supplied was made more than a year previous to this, and that the record is lacking in satisfactory and direct evidence of ownership, either at the

time the materials were furnished or at the time the lien was filed. The complaint should now be liberally construed and the judgment affirmed if Goetz had an interest to which the lien could attach. See Chicago Lumber Co. v. Fretz, 51 Kan. 134, 32 Pac. 908; Johnson v. Soliday, 19 N. D. 463, 126 N. W. 99. But in our opinion there should be more direct evidence of the ownership than that contained in the record. Our conclusion is that the judgment of the district court should be. and is affirmed, conditioned upon the plaintiff's supplying satisfactory proof of ownership of the premises. The ends of justice do not require a new trial, except upon this issue. Neither the appellants nor the respondents shall be entitled to recover their costs or disbursements on this appeal.

The petition for rehearing is denied.