### UNITED STATES v. ROUTT COUNTY COAL CO. et al.

(Circuit Court of Appeals, Eighth Circuit. January 24, 1918.)

No. 4852.

1. CORPORATIONS ⬦428(7)—KNOWLEDGE OF VICE PRESIDENT—IMPUTATION.
   Where the vice president of the purchasing company had knowledge of and had participated in the fraudulent procurement of a patent to land, his knowledge is chargeable to the purchasing corporation, so that, in a suit to cancel the same, the defense of bona fide purchaser is unavailable.

2. PUBLIC LANDS ⬦120—BONA FIDE PURCHASERS—DEFENSES.
   In a suit to cancel a patent to coal lands on the ground that it was procured by fraud, the defense of bona fide purchaser is available to a lessee for a term of years, who had prior to institution of the suit paid practically the whole of the consideration.

3. VENDOR AND PURCHASER ⬦231(3)—BONA FIDE PURCHASERS—NOTICE—RECORD.
   The record of title in the office of the register of deeds does not import notice of all suspicious or speculative inferences which might be drawn from the muniments of title as a result of a mathematical comparison of the dates of various different instruments.

4. PUBLIC LANDS ⬦138—BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE.
   That the receiver's receipt for public land bore a date subsequent to the date of the conveyance by the entryman is not a fact which would charge subsequent purchasers with notice of the fraud, for delays in issuing receipts in the land office are frequent and the transaction might well have been innocent.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Bill by the United States against the Routt County Coal Company, the Rugby Fuel Company, and others. From a decree dismissing the bill as to the named defendants, complainant appeals. Modified, so as to declare void the title of the Routt County Coal Company, and otherwise affirmed.

Eugene B. Lacy, Asst. U. S. Atty., of Los Angeles, Cal. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Frank McDonough, Sr., of Denver, Colo. (Frank McDonough, Jr., of Denver, Colo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

AMIDON, District Judge. [1, 2] This is a suit brought by the United States to cancel a patent for coal land on the ground of fraud. The lands were entered by a man by the name of Miller, at the instance of Frederick A. Craise, the president of the Empire Oil, Coal & Copper Company, and for the benefit of that company. Craise acted as his attorney in the land office, paying all the expense and the purchase price of the land. Miller simply lent the use of his name, and conveyed the property to the Empire Oil, Coal & Copper Company at the time the receiver's receipt was issued. The court below properly found that the entry and patent were fraudulent as against Craise and the Empire Company. The entry was made in 1901, and patent was obtained in 1906. In 1904 the Empire Company conveyed the land to the Routt County Coal Company. At that time Craise was vice president of the latter company. His knowledge of the fraud was therefore imparted to it. It results that, while the Routt County Coal Company paid a valuable consideration, it took with notice, and cannot hold the title. That company executed a lease of the property now held by the Rugby Fuel Company. The lease runs for 11 years, with a right of renewal for an additional 11 years. This lease was taken for a valuable consideration, the greater part of which had been paid before this suit was brought, and without notice of any fraudulent practices.

The trial court dismissed the bill as to Routt County Coal Company and the Rugby Fuel Company, upon the ground that they were both bona fide purchasers. The decree was right as to the latter company, but wrong as to the former, for the reasons above stated.

[3, 4] An attempt is made to impart constructive notice of the fraudulent character of Miller's entry to all purchasers from these facts:

Miller executed his deed for the property to the Empire Company *August 4, 1902.* It was filed *August 18th* of the same year. The receiver's receipt bears date *August 13th,* nine days subsequent to Miller's deed, and was filed *August 18th,* the same day as the deed.

Counsel for the government argues that, because Miller's deed

bears date nine days earlier than the receiver's receipt, this is such a suspicious circumstance as to put any subsequent purchaser of the title upon inquiry and charges him with notice of the fraud upon the ground that if the inquiry had been made the fraud would have been discovered. That is not the law. The record of title in the office of the register of deeds gives constructive notice to subsequent purchasers of all liens, titles, and interests created by the instruments previously filed. The registry, however, does not impart notice of all the suspicious or speculative inferences which an inspector, familiar with a fraudulent transaction, might draw as the result of a mathematical comparison of the dates of different instruments. We say this for two reasons:

(1) The fact that the receiver's receipt bears date subsequent to Miller's deed is as susceptible of an innocent explanation as of a fraudulent one. Delays in issuing receipts in the land office are frequent. The proof may be accepted, and the officers state that it is entirely satisfactory, and that the receipts will be issued in due course of business. Such delay may also be due to some merely formal matter, which the entryman is required to supply before the receipt will be issued. In either case the execution of the deed prior to the issuance of the receipt would be an innocent transaction.

(2) As is already stated, the registry was not notice of inferences which could only be drawn by mathematical calculation from the dates. Such a circumstance would not be sufficient to put a purchaser upon inquiry within any sound rule of law. United States v. Detroit Timber & Lumber Co., 131 Fed. 668, 67 C. C. A. 1; Shulthis v. McDougal, 170 Fed. 529–540, 95 C. C. A. 615; United States v. Detroit Timber & Lumber Co., 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499; Tobey v. Kilburne, 222 Fed. 760–764, 138 C. C. A. 308.

The decree of the trial court is modified, so as to declare null and void the title of the Routt County Coal Company, and otherwise is affirmed.