#24575-aff in pt & rev in pt-JKK

**2008 SD 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TOM JOHNSON,                                        Plaintiff and Appellant,

    v.

STANLEY C. RADLE AND SHARON
B. RADLE; FLOYD T. BIRCHFIELD;
LINDA HAGLUND,                                    Defendants,

    and

DEADWOOD STAGE RUN, LLC,                 Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE RANDALL L. MACY
Judge

\* \* \* \*

ROGER A. TELLINGHUISEN of
Tellinghuisen & Gordon                          Attorney for plaintiff
Spearfish, South Dakota                          and appellant.

SCOTT J. ODENBACH of
Seward & Odenbach                                 Attorneys for defendant
Spearfish, South Dakota                          and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON FEBRUARY 11, 2008

OPINION FILED **03/26/08**

#24575

KONENKAMP, Justice

[¶1.]     The owners of Lot 696, Palisades Stone Placer, Lawrence County,

South Dakota began subdividing their property in 1979. After each subdivision, the

owners filed and recorded a plat with the Register of Deeds. On the first plat, the

owners created Tract D, which was burdened by one easement. In three subsequent

plats that created new tracts, the owners established additional easements

burdening Tract D. These later plats, however, did not amend or vacate the plat for

Tract D. Now, the validity of the two additional easements burdening Tract D is in

dispute. On cross motions for summary judgment, the circuit court held that the

current owner of Tract D had constructive notice of the easements. We affirm in

part and reverse in part.

**Background**

[¶2.]     The property in dispute is located in Lot 696 Palisades Stone Placer,

Lawrence County, South Dakota (Lot 696). Donald and Nora Ostby and Douglas

and Betty Nelson (the Owners) began subdividing Lot 696 in 1979. The first tract of

land created was Tract D. The plat for Tract D was filed by the Owners with the

Lawrence County Register of Deeds as Plat #79-3272. A review of the plat shows a

66' wide easement along the northeastern boundary of Tract D (Northeastern

Easement).

-1-



**1979**
**Plat for Tract D**

"66' access easement"

D

Lot 696

Text in quotes taken directly from plat.

[¶3.]      The Owners continued to subdivide Lot 696.  In July 1980, they filed

Plat #80-2185, creating Tract C.  On this plat, the boundaries and location of Tract

D are included, but not the Northeastern Easement.  There is an easement on the

plat, but it is listed as a "66' wide dedicated public right of way" and is located on

the northwestern boundary of Tract D (Northwestern Easement).



**1980**
**Plat for Tract C**

"66' Wide Dedicated
Public Right of Way"

D

C

Text in quotes taken directly from plat.

[¶4.]      In 1981, the Owners filed Plat #81-2887, creating Tracts E and F.  This

plat includes the boundaries and location of Tract D, but not Tract C.  The plat also

does not reference the original Northeastern Easement.  Instead, the plat contains a

notation declaring that the "previously dedicated public right of way" was to be

"vacated by this plat."  The arrows by this notation point to the areas that would

have been the Northwestern and Northeastern Easements.[1]  The plat for Tracts E

and F identify a new "50' wide private access and utility easement" (Diagonal

Easement), which starts in Tract D from the middle of the original Northeastern

Easement and runs diagonally to the south, ending in Tract E.



Text in quotes taken directly from plat.

[¶5.]        In 1984, the Owners filed Plat #84-2419, creating Tracts A, B, G, H, I,

J, K, and L.  The plat for these tracts includes the boundaries and locations of

Tracts D, C, E, and F.  The plat has arrows pointing toward the Northeastern and

Northwestern Easements, with a "Road easements of record" notation.  The

Diagonal Easement is also present, with a "50' wide easement of record" notation.

_____

1.      The parties do not dispute that this plat did not vacate or amend the plat for
        Tract D (with the Northeastern Easement) or the plat for Tract C (with the
        Northwestern Easement).



1984 Plat for Tracts A, B, G, H, I, J, K, and L

"Road easements of record"

"50' wide Road Easement of Record"

Text in quotes taken directly from plat.

[¶6.]     In 2001, Tom Johnson entered into a purchase agreement with Mark Heinen for Tract D.  Johnson had visually inspected the land before his purchase and bought title insurance.  The commitment for title insurance identified various easements, and in particular, revealed an "Easement of Right of Way between John M. Heinen and Teri R. Heinen and Tammy Hollenbeck to use existing roadway across Tract D for the benefit of Tract C to run with the land as recorded in Document No. 2001-6824."[2]  Johnson's warranty deed also indicated that Tract D is "SUBJECT TO access easement across Tract D exclusively between Mark Heinen and Doug Mergen and Tammy Mergen for the benefit of Lot C Doc. No. 90-3143[.]"

[¶7.]     At some point after Johnson purchased Tract D, a dispute arose between him and the owners of various other tracts in Lot 696 concerning their use

---

2.     Additional easements recognized are:  "Right of way permit to Black Hills Power and Light Document No. 80-2558"; "Pipeline Easement between John Mark Heinen and Lisa Kay Heinen and Willston Basin Interstate Pipeline recorded in Document No. 95-3704"; "Pipeline Easement between John Mark Heinen and Willston Basin Interstate Pipeline Company recorded Document No. 2000-4595".

of Tract D for access to their property. After Johnson challenged their right to use his land, he was told that certain easements granted them the right. In particular, it was claimed that the Diagonal and Northwestern Easements across Tract D were previously created by the Owners of Lot 696 and have been continuously used for over twenty years. Johnson questioned whether the two easements were validly created and brought suit to quiet title against Stanley C. and Sharon B. Radle, Floyd T. Birchfield, Linda Haglund, Douglas M. Mergen, John Mark Heinen and John Nick Heinen (defendants).[3]

[¶8.] Johnson and defendants filed cross motions for summary judgment. Johnson argued that when he purchased Tract D there was no indication that the Northwestern or Diagonal Easement existed because the plat for Tract D contains only the Northeastern Easement. Defendants averred that the easements were validly created by Plats ##80-2185, 81-2887, and 84-2419, that Johnson had constructive notice of the easements, and that the easements existed by prescription.[4] The court granted summary judgment for defendants, concluding that Johnson had constructive notice of the Northwestern and Diagonal Easements. Johnson appeals asserting that the court erred when it (1) concluded as a matter of law that Plats ##80-2185, 81-2887, and 84-2419 created valid easements across

---

3. The Radles own Tract A. Birchfield and Haglund own Tract B. The Mergens own Tract C. In April 2006, the parties stipulated that Deadwood Stage Run, LLC would be substituted as a defendant for Douglas M. Mergen and John Nick Heinen. Deadwood Stage Run, LLC owns Tracts G, H, I, J, K, and L.

4. The circuit court never ruled on the prescription issue and the matter was not appealed.

Tract D; (2) found that he had constructive notice of the easements; and (3) denied his motion for summary judgment.

## Standard of Review

[¶9.]   Our standard of review for summary judgment is well established:

> "When reviewing a grant of summary judgment, we decide only whether there were genuine issues of material fact and whether the law was correctly applied." Heib v. Lehrkamp, 2005 SD 98, ¶19, 704 NW2d 875, 882 (citing SDCL 15-6-56(c); Keystone Plaza Condominiums Ass'n v. Eastep, 2004 SD 28, ¶8, 676 NW2d 842, 846). "We view the evidence in a light most favorable to the nonmoving party." Toben v. Jeske, 2006 SD 57, ¶9, 718 NW2d 32, 35 (citing Wilson v. Great Northern Ry. Co., 83 SD 207, 212, 157 NW2d 19, 21 (1968)). The moving party has the burden of showing "the absence of any genuine issue of material fact and entitlement to judgment as a matter of law." Yarcheski v. Reiner, 2003 SD 108, ¶15, 669 NW2d 487, 493 (citing S.D. Dept. of Rev. v. Thiewes, 448 NW2d 1, 2 (SD 1989)).

Rush v. U.S. Bancorp Equipment Finance Inc., 2007 SD 119, ¶7, 742 NW2d 266, 268.

## Analysis and Decision

[¶10.]   Johnson first contends that the circuit court found "*as a matter of law* the Diagonal easement and the Northwestern easement across [Tract D] were validly created by the recording of subsequent plats." (Emphasis added). On the contrary, the circuit court did not find that the plats created the easements as a matter of law. In fact, the court recognized that the Owners of Lot 696 failed to prepare these plats to properly vacate or amend the plat for Tract D.[5] Rather, the

---

5.   Although the court recognized that the Lot 696 Owners did not include the legal description for Tract D, which would have indexed their subsequent plats to Tract D, the court cited *Aasland v. Yankton County* for the proposition that this "incomplete" platting of all subsequent plats was

(continued . . .)

court ruled that Johnson had constructive notice of the easements indicated on those plats through language used in two access agreements filed with the Register of Deeds, his warranty deed, and the title insurance policy.

[¶11.]     Johnson also disputes the court's finding that he had constructive notice of either the Northwestern or Diagonal Easement. According to Johnson, because the Owners of Lot 696 failed to comply with SDCL Chapter 11-3 when they filed subsequent plats, there can be no constructive notice to him of easements not properly indexed to his property. Further, Johnson insists that constructive notice could not be imputed to him because after a professional title search and personal observation of the property, nothing indicated to him the possibility that such easements existed.

[¶12.]     Defendants concede that Plats ##80-2185, 81-2887, and 84-2419 did not properly vacate or amend Plat #79-3272. However, they contend that Johnson is charged with notice of the disputed easements through his warranty deed and title insurance policy. His warranty deed identified an access agreement between Mark Heinen (previous owner of Tract D) and the Mergens (owners of Tract C), made for the benefit of Tract C. The agreement was created on July 30, 1990, and was filed as Document #90-3143. Because the agreement contains references to a

_____

(. . . continued)

    sufficient to put Johnson on notice of a right of way and that the right of way instrument should be sought out and examined. *See* 280 NW2d 666, 668 (SD 1979). This reliance on *Aasland* is mistaken. The plats here are not "incomplete." It is not disputed that the plats were properly filed and recorded. The failure of the Owners to properly prepare the subsequent plats to be indexed to Tract D is not "a mere mistake in recordation." *See id.*

"road easement," "existing road," and "Tract A and B", defendants maintain that Johnson had a duty to seek out and investigate matters relating to the use of Tract D by the owners of Tracts A, B, and C. Had Johnson investigated the plats for Tracts A, B, and C, defendants claim he would have learned of the existence of both disputed easements.

[¶13.] Constructive notice of an easement can be imputed to a purchaser

> where the easement is of such character that a purchaser acting with ordinary diligence would know or learn of its existence. Thus, where the easement is open and visible, the purchaser will be charged with notice even though the easement was created by a grant which was not then recorded. The grantee is bound where a reasonably careful inspection of the premises would disclose the existence of the easement *or where the grantee has knowledge of facts sufficient to put a prudent buyer on inquiry.*

Wiege v. Knock, 293 NW2d 146, 148 (SD 1980) (citations omitted) (emphasis added).

[¶14.] Defendants do not claim that a careful inspection of Tract D would have disclosed the existence of an easement. Therefore, we must determine whether the record discloses facts sufficient to put Johnson on inquiry that the Northwestern and Diagonal Easements existed. *See id.* Johnson's warranty deed and title insurance policy informed him that there are two access agreements burdening Tract D. The first access agreement from 1990, Document #90-3143, provides in part:

> MERGENS specifically acknowledge that the *existing road* through Lot D owned by HEINEN to Lot C owned by MERGENS is a *private road* which MERGENS can use only with permission from HEINEN, and that the *road easement* according to the *Plat for a road serving Lot C* is approximately 133 Feet to the North of the *existing road.*

II.

> HEINEN hereby grants MERGENS permission to use the *existing private road* through Lot D for so long as MERGENS own Tract C, . . . .

(Emphasis added). The second agreement was between the Heinens and Tammy Hollenbeck (previously Tammy Mergen). It was created on December 21, 2001, and was filed as Document #2001-6824. It is entitled "EASEMENT OF RIGHT OF WAY" and gives Hollenbeck continued access to use the private drive over Tract D. Like the 1990 access agreement, it also references the platted easement.

[¶15.] Based on these access agreements and the plat for Tract D, it is evident that Johnson was on notice that a "road easement" existed across Tract D on the northwestern edge. The 1990 access agreement indicates that the "*road easement* according to the *Plat for a road serving Lot C* is approximately 133 Feet to the North of the existing road."[6] (Emphasis added). A plain reading of this statement would require a prudent purchaser of Tract D to examine more than the plat for Tract D to determine the extent of the "road easement according to the Plat for a road serving Lot C." This is because the plat for Tract D does not identify the location of Tract C, or any road that would *serve* Tract C (see diagrams below). What "road easement" could serve Tract C, then, demands prudent investigation.

---

6.  The record contains no indication of where the "existing road" is located on Tract D.





"66' access easement"

Lot 696

"66' Wide Dedicated Public Right of Way"

[¶16.]     Because the access agreement setting forth that the owners would, if a dispute arose, use the "road easement according to the Plat for a road serving Lot C," and the plat for Tract D did not contain a road that could service Tract C, Johnson was put on sufficient notice for inquiry.  *See Wiege*, 293 NW2d at 148.  "'If facts are sufficient to put a purchaser of a title or lien upon inquiry of any adverse right or equity of a third party, his want of diligence in making such inquiry is equivalent to a want of good faith.'"  Townsend v. Yankton Super 8 Motel, Inc., 371 NW2d 162, 165 (SD 1985) (quoting Madson v. Ballou, 63 SD 501, 505, 260 NW 831, 833 (1935)).  The court did not err when it found that Johnson had constructive notice of the Northwestern Easement.

[¶17.]     Next, we examine whether Johnson had constructive notice of the Diagonal Easement.  According to the Defendants, because the 1990 access agreement between Heinen (Tract D) and Mergen (Tract C) references a possible need for Tracts A and B to have access over Tract D, Johnson was on notice to examine the plat for Tracts A and B.  The 1990 access agreement that refers to Tracts A and B contains the following language in paragraph three:

> The parties agree that this permission is only for MERGENS [owners of Tract C] and that *in the event it is necessary* for the

owners of *Tract A and B* to obtain and use access to their property through Lot D, that at such time the existing use of the private drive through Lot D will cease and a road will have to be constructed at no cost to HEINEN through the easement as shown on the Plat along the Northerly edge of Lot D.

(Emphasis added).

[¶18.]        "Notice of an easement is generally imputed to a purchaser where the easement is of such character that a purchaser acting with ordinary diligence would know or learn of its existence." *Wiege,* 293 NW2d at 148.  A reference to Tracts A and B and a *possible* need in the future to use Tract D to gain access to Tracts A and B is not sufficient to put a prudent purchaser on notice that an easement exists now.  Moreover, because Tracts A and B cannot be accessed using the disputed Diagonal Easement, a reference in the access agreement to Tracts A and B is insufficient to put a purchaser of Tract D on notice of the Diagonal Easement.



Although an easement can be valid without a recorded conveyance when there is constructive notice, the circumstances known to Johnson do not indicate the possibility of the Diagonal Easement.  *See* Peterson v. Beck, 537 NW2d 375, 378 (SD 1995) (constructive notice is imputed when the easement is apparent to anyone viewing the land).

[¶19.]     Defendants assert that the Diagonal Easement is a valid easement by prescription. They argue that the owners of the tracts surrounding Tract D and their predecessors had been using the Diagonal Easement for over twenty years before Johnson's quiet title action. Whether the Diagonal Easement is a valid prescriptive easement is not properly before us. The circuit court did not consider the issue, and defendants cannot assert error on a matter not ruled on by the circuit court. *See* Watertown v. Dakota, Minnesota & Eastern Railroad Co., 1996 SD 82, ¶26, 551 NW2d 571, 577 (citations omitted). Further, defendants did not file a notice of review on this issue, and therefore, they have waived it. *See* Opperman v. Heritage Mut. Ins. Co., 1997 SD 85, ¶2 n1, 566 NW2d 487, 489 n1 (citing SDCL 15-26A-22; Rude Transp. Co. v. S.D. Pub. Utils. Comm'n, 431 NW2d 160, 162 (SD 1988)) (failure to file a notice of review waives the issue).

## Conclusion

[¶20.]     The circuit court did not err in granting summary judgment to the defendants, imputing constructive notice to Johnson of the Northwestern Easement and in denying summary judgment for Johnson on the same issue. However, the court erred when it granted summary judgment to defendants, concluding that Johnson had constructive notice of the Diagonal Easement. There being no material issues of fact in dispute, we reverse and direct the court to enter an order granting Johnson's motion for summary judgment voiding the Diagonal Easement

across Tract D. Deadwood Stage Run's motion for appellate attorney's fees is denied.[7]

[¶21.]     Affirmed in part and reversed in part.

[¶22.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.

---

7.     Although Deadwood Stage Run's request included a statement of legal services rendered, it did not identify how such fees are allowable in this action. *See* SDCL 15-26A-87.3.