ADKINS v DEPARTMENT OF CIVIL SERVICE

Docket No. 74190. Submitted October 17, 1984, at Detroit.—Decided January 14, 1985.

Respondent, Michigan Department of Civil Service, Bureau of Classification and Compensation, adopted a Benchmark Factor Ranking System to classify positions in the state civil service. All classified positions which required membership in the State Bar of Michigan were placed in the legal services group. All positions in the legal services group which involved an employee conducting administrative hearings and preparing proposals for decision or final decisions for an agency were placed in the Administrative Law Examiner class. The Legal Services Benchmark implementation was made effective for all classified hearing examiners as of September 3, 1978. All hearing examiner positions were allocated as of that date to the corresponding level of the Administrative Law Examiner class. The positions of the petitioners, Raymond Adkins, and others, were reclassified from the 16th level of the Compensation Hearings Referee class to the Administrative Law Examiner Class IV. Although the titles and job specifications of the petitioners' positions were changed, their duties and compensation remained the same. The Legal Services Benchmark implementation resulted in the creation of a Senior Specialist Examiner position in Administrative Law Examiner Class V which heretofore had not existed. Prior to September 3, 1978, the highest level for a non-supervisory hearing examiner was the 16th level which had the same duties and salary as the current Administrative Law Examiner IV level. After September 3, 1978, the highest level for a non-supervisory law examiner is level V which has the same salary as the old 17th level. On January 21, 1980, petitioners submitted applications for reclassification or redetermination of their positions to Adminstrative Law Examiner Class V. Petitioners compared the functions of their

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545 et seq.
[2] 2 Am Jur 2d, Administrative Law § 605.
[3] 15A Am Jur 2d, Civil Service §§ 10, 19 et seq.
[4] 1 Am Jur 2d, Administrative Law §§ 110, 116 et seq.

current positions in Administrative Law Examiner Class IV with those of Administrative Law Examiner Class V and claimed that the basic differences were primarily of degree rather than substance. The department classification bureau denied petitioners' application on August 10, 1980, and October 24, 1980. Petitioners then filed technical appeal forms requesting that all MESC Administrative Law Examiner IV positions be allocated to the Administrative Law Examiner V position. Following a hearing on July 21, 1981, the commission hearing officer, in a decision dated August 27, 1981, remanded petitioners' case back to the classification bureau for further study of the positions for conversion into the Legal Services Benchmark and to give petitioners the opportunity to present further proofs. Instead of submitting to the remand, petitioners pressed the hearing officer for a decision on the record in an effort to expedite the required exhaustion of administrative remedies. Respondent acquiesced in petitioners' request and the hearing officer issued a decision adverse to the petitioners on January 19, 1982. On February 23, 1982, petitioners requested leave to appeal from the hearing officer's decision to the Appeals Department of the Michigan Civil Service Commission. Leave to appeal was subsequently denied by the Civil Service Employment Relations Board on August 16, 1982, and this decision was adjudicated final on September 21, 1982, thereby exhausting petitioners' administrative remedies and allowing them to petition for review in the Wayne Circuit Court. Following such petition, the circuit court, Charles S. Farmer, J., reversed the decision of the Civil Service Employment Relations Board, holding that the classifications for levels IV and V were unlawfully vague. The court ordered respondent to establish new guidelines and rules concerning the criteria used to classify Administrative Law Examiners in levels IV and V and to test each petitioner under the new criteria to determine his appropriate Adminstrative Law Examiner classification. Respondent appeals from that order. The Court of Appeals granted respondent's motions for a stay of the cirucit court's order pending appellate review. *Held:*

1. The issue of vagueness was part and parcel of the petitioners' claim that they were improperly classified.

2. Any error by the petitioners in circumventing the remand was harmless. The circuit court properly fashioned its relief. Three factors militate in favor of the Court of Appeals findings in this regard: (1) the similarity in result of the circuit court's order as compared with the hearing officer's opinion renders any error harmless and the circuit court's order provides the

more effective relief; (2) the circuit court's order places the burden for revising its criteria squarely upon respondent, states a definitve time limitation and states that the court retained jurisdiction to monitor compliance while the hearing officer's opinion is ambiguous in what it requires of the respondent; (3) the hearing officer does not have the authority to require respondent to reformulate its classification criteria on the grounds that the present criteria are unconstitutionally vague.

3. The circuit court correctly determined that the existing standards are too vague, subjective and inpalpable. The hearing officer correctly determined that the failure to define such terms as "frequently" and "substantial economic impact" presents the potential for abusive, subjective judgment and inconsistent application of classification concepts.

4. The commission's decision denying petitioners' claim was not supported by competent, material and substantial evidence on the entire record. The specifications are so vague that any meaningful analysis of the evidence introduced by petitioners is precluded.

5. The primary purpose behind the hearing officer's remand in his first opinion was to urge the respondent to supply more specific standards or, at a minimum, to define the terms in the existing standards. As this purpose was never fulfilled, the hearing officer's decision in the second hearing, which was based on the same standards that the hearing officer had opined were too vague for proper analysis in the first hearing, was unreasonable.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

   Courts, as a general rule, will not entertain issues on appeal which were not considered below.

2. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — USELESS ACT.

   Exhaustion of administrative remedies before seeking relief in the courts is not required where it is obvious that to require a party to do so would require a useless effort on his part.

3. ADMINISTRATIVE LAW — HEARING OFFICERS — CIVIL SERVICE — CLASSIFICATION CRITERIA.

   A hearing officer does not have the authority to require the Bureau of Classification and Compensation of the Department of Civil Service to reformulate its classification criteria in regard to civil service employees on the grounds that the present criteria are unconstitutionally vague.

4. ADMINSTRATIVE LAW — DUE PROCESS.

> Substantive due process necessitates the existence of reasonably precise standards to be utilized by administrative agencies in the performance of delegated legislative tasks; such standards must be as reasonably precise as the subject matter requires or permits.

*James F. Finn,* for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for respondent.

Before: BRONSON, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

BRONSON, P.J. Respondent appeals as of right from a circuit court order requiring it to establish new guidelines and rules concerning the criteria used to classify certain Administrative Law Examiners and to test each petitioner under the revised standards.

Pursuant to the authority vested in it by Const 1963, art 11, § 5, respondent adopted a Benchmark Factor Ranking System to classify positions in the state civil service. All classified positions which required membership in the State Bar of Michigan were placed in the legal services group. All positions in the legal services group which involved an employee's conducting administrative hearings and preparing proposals for decision or final decisions for an agency were place in the Administrative Law Examiner class.

The Legal Services Benchmark implementation was made effective for all classified hearing examiners as of September 3, 1978. All hearing examiner positions were allocated as of that date to the corresponding level of the Administrative Law

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Examiner class. Petitioners' positions were reclassified from the 16th level of the Compensation Hearings Referee class to the Administrative Law Examiner Class IV. Although the titles and jobs specifications of the petitioners' positions were changed, their duties and compensation remained the same.

The Legal Services Benchmark implementation resulted in the creation of a Senior Specialist Examiner position in Administrative Law Examiner Class V which heretofore had not existed. Prior to September 3, 1978, the highest level for a non-supervisory hearing examiner was the 16th level which had the same duties and salary as the current Administrative Law Examiner IV level. After September 3, 1978, the highest level for a non-supervisory law examiner is level V which has the same salary as the old 17th level. The specifications for Administrative Law Examiner Class IV provide in pertinent part:

"This fourth level administrative law examiner functions as a senior or supervisory level examiner, depending upon organizational position placement.

"The employee, as a senior examiner, is responsible for conducting complex hearings in order to make either recommendations or final decisions regarding the legal and factual issues of a case having significant social and/or economic impact. Established methods and procedures are available, but may not be fully applicable to complex work assignments; therefore, the employee must exercise considerable independent judgment in selecting a proper course of action."

The specifications for Administrative Law Examiner Class V provide in pertinent part:

"This fifth level administrative law examiner functions as a senoir specialist or supervisory level examiner, depending upon organization position placement.

"The employee, as a senior specialist examiner, is responsible for consistently conducting the most complex hearing in order to make either recommendations or final decisions in cases that:

"a) Frequently require understanding and application of expert testimony and evidence in disciplines such as economics, accounting, engineering or medicine.

"b) Have a substantial direct social or economic impact on industry, state government, or a large segment or groups of the population.

"c) Frequently involve multiple parties, represented by legal counsel and involve multiple days of hearings.

"Established methods and procedures are available, but may not be fully applicable to the most complex work assignments; therefore, the employee must exercise considerable independent judgment in selecting a proper course of action."

Petitioners submitted applications for reclassification or redetermination of their positions to Administrative Law Examiner Class V on January 21, 1980. In an attachment to the application, petitioners compared the functions of their current positions in Administrative Law Examiner Class IV with those of Administrative Law Examiner Class V. They claimed that the basic differences were primarily of degree rather than substance. They argued that they consistently conducted the most complex cases which often required expert testimony and evidence relating to economics, accounting, engineering or medicine, and that a large percentage of their cases have a substantial direct social or economic impact on society as a whole and frequently include multiple parties.

The department classification bureau denied petitioners' applications on August 19, 1980, and October 24, 1980. Petitioners filed technical appeal forms requesting that all MESC Administrative Law Examiner IV positions be allocated to the Administrative Law Examiner V position. A hear-

ing was held on July 21, 1981, before a department hearing officer. No verbatim record was made of the proceedings.

In a decision dated August 27, 1981, the commission hearing officer remanded petitioners' case back to the classification bureau for further study of the positions for conversion into the Legal Service Benchmark and to give petitioners the opportunity to present further proofs. The hearing officer wrote that the bureau of classifications should be willing to state more explicit criteria in writing and provide the criteria to petitioners prior to the submission of further proofs. Petitioners and respondent agreed to have the merits of the case decided on the existing record, and the hearing officer rendered a second opinion on January 19, 1982, denying petitioners' requests. The hearing officer was persuaded that petitioners encountered cases in their work which meet the test of "most complex" but was convinced that "the essential purpose of their positions as determined by the appointing authority does not contemplate specialization or concentration on the most complex cases".

On February 23, 1982, petitioners requested leave to appeal from the hearing officer's decision to the Appeals Department of the Michigan Civil Service Commission. Respondent argued for denial of petitioners' request on the basis that petitioners had refused the opportunity afforded them on remand to demonstrate their case through documentation for a higher classification and did not satisfy any of the grounds for modification or reversal of the hearing officer's decision. Leave to appeal was subsequently denied by the employment relations board on August 16, 1982, and this decision was adjudicated final on September 21, 1982.

Petitioners then petitioned the Wayne County Circuit Court for a review of the Michigan Civil Service Employment Relations Board's decision. The court reversed the board's decision, holding that the classifications for levels IV and V were unlawfully vague. The court ordered respondent to establish new guidelines and rules within 90 days and to test each petitioner under the new criteria to determine his appropriate Administrative Law Examiner classification. This Court granted respondent's motion for a stay of the lower court's order pending appellate review. We now affirm.

Respondent argues that the circuit court erred in holding that the Administrative Law Examiner IV and V classification specifications were unlawfully vague. Respondent claims that, since this issue was not ruled upon by the commission, the court erred in considering it on appeal. Further, respondent argues that the specifications are as precise as the circumstances permit and that the board's decision denying petitioners' claim was, therefore, supported by reasonable and substantial evidence. We disagree.

As a general rule, courts will not entertain issues on appeal which were not considered below. *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 623; 317 NW2d 195 (1981). The record in the instant case, however, belies respondent's argument.

In the August 27, 1981, technical appeal decision, the hearing officer noted that:

"The appellants' fault the redetermination decision and the class specification for the failure of either to specify criteria in explicit, objective terms that would facilitate fair evaluation of their positions and an opportunity to present relevant material and evidence to substantiate their claim to meeting Administrative Law

Examiner V criteria. They hold that any deficiency or failure on their part to provide documentary evidence as to the criteria is a direct result of Classification's failure to define key terms in the benchmark criteria or to state beforehand the guidelines as to what can legitimately be considered."

Clearly, the issue of vagueness was part and parcel of petitioners' claim that they were improperly classified. Indeed, the hearing officer remanded petitioners' case to the bureau of classifications, stating:

"*Whereas, other service groups have written guides and glossaries which make clear the benchmark criteria and whereas, commission regulations and bureau operating standards which require interpretation and definition are typically given such written memoranda, this is not true for the Legal Service benchmark.* Whenever apparent standards are qualified, conditional or are otherwise modified by other stated or unstated factors so that they cannot be taken at face value, these too are typically covered by written policy memoranda, memoranda of understanding or other documents publicly available which reveal negotiated agreements among parties having authority and responsibility for position classification. * * * Having a fixed standard permits one to make reliable and accurate judgments against the standard, free from defect from unintentional (or intentional) biases and omissions of information and data. *Again, the Legal Service benchmark is not accompanied by additional explanatory memoranda or guidelines that tighten up definitions on equivocal terms. The lack of these causes particular difficulties in judging the proper application of standards for the senior specialist administrative law examiner. I find that failure to define key terms such as 'frequently' or 'substantial economic impact' in a quantitative sense presents the potential for abusive, subjective judgment and inconsistent application of classification concepts.*

"The 'common sense' approach espoused by Classification is useful for categorizing positions that operate at

extreme ends of the continuum of the variable being measured in relation to each specific criteria for the Administrative Law Examiner V. However, it does not suffice for making fine discriminations as may be required at the upper limit of one category and the lower limit or thereshold of the next higher category. Without recognized, valid standards, the hearing officer is caught in a helpless position between two sides holding different viewpoints and both basing their claim to be right on 'common sense.' I believe that justice will be best served by reinvestigation of the appellants' claims to be serving in the senior specialist capacity after they have individually been given the opportunity to present such proofs as may exist that they meet senior specialist Administrative Law Examiner criteria. *The benchmark characteristics of such criteria have been made somewhat more explicit in the present case, however, the Bureau of Classification should be willing to state these in writing and provide them to the appellants prior to submittal of proofs."* (Emphasis added.)

Respondent argues, however, that because petitioners failed to take advantage of the remand to initiate a classifications study of the subject positions and submit individual proofs for the purpose of having the individual claims reinvestigated, they are barred from receiving the similar relief granted by the circuit court. Instead of submitting to the remand, petitioners pressed the hearing officer for a decision on the record in an effort to expedite the required exhaustion of administrative remedies. Respondent acquiesced in petitioners' request and the hearing officer issued a decision adverse to petitioners on January 19, 1982. Leave to appeal from this decision was denied by the board on August 16, 1982, thereby exhausting petitioners' administrative remedies and allowing them to petition for review in the circuit court.

Respondent's argument is, in essence, that, by circumventing the remand ordered by the hearing

officer, petitioners failed to exhaust their administrative remedies, thereby denying respondent the opportunity to rectify any errors in classification due to vague criteria. After a thorough review of the record, we believe that three factors militate in favor of our finding that any error by petitioners in circumventing the remand was harmless, *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 609-610; 255 NW2d 702 (1977), and that the circuit court properly fashioned its relief.

We first note that the similarity in result of the circuit court's order as compared with the hearing officer's opinion renders any error harmless. The bureau, under either, will have the opportunity to reexamine the specification criteria and its application to each petitioner individually. The differences between the hearing officer's opinion and the circuit court's order, however, convince us that the circuit court's order provides the more effective relief.

In his opinion denying petitioners' claim, the hearing officer stated:

"The decision reached as a result of that hearing was to remand the appellants' case to the Bureau of Classification for further investigation and redetermination. *The Hearing Officer does not presume to know the standard procedures for initiating a study of a position or positions for conversion into the Legal Service benchmark, so issued the decision with the expectation that whichever parties had the responsibility for initiating the classification study would so act;* further, that the principals engaged in such study would take into consideration the opinions expressed in the hearing decision." (Emphasis added.)

Unlike the hearing officer's opinion, the circuit court's order places the burden for revising its

criteria squarely upon respondent. Further, the hearing officer's opinion is ambiguous in what it requires of the bureau. The opinion indicates that the classification criteria should be clarified, however, it falls far short of placing on the bureau an affirmative duty to do so. The circuit court's order, on the other hand, requires the bureau to reformulate specific criteria to effectuate the proper classifications. In addition, the circuit court's order states a definitive time limitation, and the court retained jurisdiction to monitor compliance. Indeed, petitioners argued in the circuit court that they sought to avoid the remand because "its like tilting at windmills". We recognize that it had been two years from the time that petitioners filed their initial applications for reclassification until the hearing officer issued his decision denying petitioners' claim, and another year before the board denied petitioners' application for leave to appeal. The law does not impose and exhaustion requirement where it is obvious that to do so would require a useless effort. *Welfare Employees Union v Civil Service Comm,* 28 Mich App 343, 348-349; 184 NW2d 247 (1970); *Sterling Secret Service, Inc v Dep't of State Police,* 20 Mich App 502, 511; 174 NW2d 298 (1969). Lastly, we note that the hearing officer does not have the authority to require respondent to reformulate its classification criteria on the grounds that the present criteria are unconstitutionally vague. See, *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 640-642; 298 NW2d 841 (1980); *Dation v Ford Motor Co,* 314 Mich 152, 159; 22 NW2d 252 (1946).

Respondent next argues that the specifications for Administrative Law Examiner IV and V are as precise as the circumstances permit and therefore are not unconstitutionally vague.

Substantive due process necessitates the "exis-

tence of reasonably precise standards to be utilized by administrative agencies in the performance of delegated legislative tasks". *Krohn v Board of Medicine,* 98 Mich App 129, 133; 296 NW2d 57 (1980); *State Highway Comm v Vanderkloot,* 392 Mich 159, 170; 220 NW2d 416 (1974). The standards must be "as reasonably precise as the subject matter requires or permits". *Krohn, supra,* p 133; *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25 (1956). A purpose of this requirement is to close the door to favoritism, discrimination and arbitrary uncontrolled discretion on the part of administrative agencies, *Krohn, supra,* p 134; *Westervelt v Natural Resources Comm,* 402 Mich 412, 438; 263 NW2d 564 (1978), and provide adequate protection to the interests of those affected. See, *Nylund v Dep't of Natural Resources,* 94 Mich App 584; 288 NW2d 660 (1980); *Dep't of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976).

The primary differences between the two classifications revolve around the quantity and complexity of the cases assigned to the various law examiners. As the hearing officer noted in his opinion following petitioners' first hearing, the guidelines fail to define key terms such as "frequently" and "substantial economic impact" in a quantitative sense. The guidelines also fail to qualify "most complex" in relation to "complex", as was noted by the circuit court. Under these circumstances, we are compelled to agree with the circuit court that the existing standards are "too vague, subjective and inpalpable", and with the hearing officer that the failure to define such terms "presents the potential for abusive, subjective judgment and inconsistent application of classification concepts". Without more specific guidelines, it is difficult to

perceive how petitioners will ever know whether they are entitled to a promotion.

Respondent's final contention is that the commission's decision denying petitioners' claim was supported by reasonable and substantial evidence on the record. We cannot agree that the administrative decision was supported by competent, material and substantial evidence on the entire record since the specifications are so vague that any meaningful analysis of the evidence introduced by petitioners is precluded.

Upon reviewing the hearing officer's first opinion, we conclude that the primary purpose behind the remand was to urge the bureau of classification to supply more specific standards or, at a minimum, to define the terms in the existing standards. As this purpose was never fulfilled, the hearing officer's decision in the second hearing, which was based on the same standards that the hearing officer had opined were too vague for proper analysis in the first hearing, was unreasonable.

Affirmed.