In the Matter of the Motor Carrier Application of MIDWEST MOTOR EXPRESS, INC., BISMARCK, North Dakota.

RUDE TRANSPORTATION COMPANY, Protestant and Appellant,

v.

SOUTH DAKOTA PUBLIC UTILITIES COMMISSION and Midwest Motor Express, Inc., Bismarck, North Dakota, Appellees.

No. 16046.

Supreme Court of South Dakota.

Considered on Briefs Aug. 31, 1988.

Decided Nov. 2, 1988.

Ronald G. Schmidt of Schmidt, Schroyer, Colwill & Barnett, Pierre, for appellee Midwest Motor Exp., Inc.

Steven K. Rabuck of Andera, Rabuck & Smith, Chamberlain, for appellant Rude Transp. Co.

Diane M. Patrick, Asst. Atty. Gen., Pierre, for appellee South Dakota Public Utilities Com'n; Mary L. Vanderpan, Gen. Counsel, Public Utilities Com'n, Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

MILLER, Justice.

In this appeal we affirm a decision of the circuit court which upheld the South Dakota Public Utilities Commission's (PUC's) granting of a Class B motor carrier permit to Midwest Motor Express (MME). At issue is (1) whether appellant Rude Transportation Company (Rude) has standing to appeal PUC's decision, (2) whether PUC erred in determining that issuance of the permit was consistent with the public convenience and necessity, and (3) whether the circuit court erred in amending PUC's findings and conclusions.

### FACTS

MME, a North Dakota corporation, filed an application for a Class B Motor Carrier Permit with PUC.[1] PUC gave notice of

---

1. The permit would allow MME to transport general commodities, except commodities in

hearing on the proposed application to all other Class B permit holders in the state. Two holders, Barber Transportation and Rude, filed written notices of intent to protest the application; however, Rude (a "regional carrier") was the only protestant appearing at the hearing. MME presented ten witnesses (customers and sales representatives) in support of its application. Regge Rude (sales coordinator for Rude) was the only witness to testify against the application. Subsequent to the hearing PUC granted MME's permit, finding that MME met the necessary granting criteria set forth in SDCL 49–28–14.

Rude appealed PUC's decision to circuit court, which affirmed PUC's decision but orally instructed MME's counsel to draft new findings of fact and conclusions of law in order to set forth more precisely the decision made by PUC. Rude appeals the circuit court's holding, contending that PUC's decision did not comport with SDCL 49–28–14, that PUC's decision was clearly erroneous, arbitrary, capricious and an abuse of discretion, and that the circuit court erred in allowing MME to draft new findings and conclusions.

MME argues that PUC's decision complies with the requirements of SDCL 49–28–14, that the findings of fact and conclusions of law entered by the circuit court were consistent with its authority under SDCL 1–26–36, and further argues that Rude lacks standing to appeal the PUC decision because of its failure to file any exceptions or objections to PUC's findings of fact or conclusions of law and for Rude's failure to file its own proposed findings and conclusions.

## ISSUES

### I

### WHETHER RUDE HAD STANDING TO APPEAL PUC'S DECISION.

■ MME's argument that Rude lacks standing to appeal is not without merit; however, MME did not properly preserve that issue. MME, while arguing the issue of standing to the circuit court and in its

bulk, household goods, and Class A explosives,

brief to this court, failed to file a notice of review with either the circuit court (pursuant to SDCL 1–26–36.1) or this court (pursuant to SDCL 15–26A–22). Because of MME's failure, the issue of Rude's standing was waived. *See Application of Trade Development Bank,* 382 N.W.2d 47 (S.D. 1986), and *Application of Northwestern Bell Tel. Co.,* 326 N.W.2d 100 (S.D.1982).

### II

### WHETHER PUC ERRED IN DETERMINING THAT THE ISSUANCE OF THE PERMIT WOULD BE CONSISTENT WITH PUBLIC CONVENIENCE AND NECESSITY.

■ Rude asserts several errors in PUC's factual determination concerning whether the issuance of the Class B motor carrier permit would be consistent with the public convenience and necessity. Our standard of review of agency decisions allows this court to reverse only if we are left with a definite and firm conviction that a mistake has been committed. *See Dakota Harvestore v. S.D. Dept. of Revenue,* 331 N.W.2d 828 (S.D.1983); *Fraser v. Water Rights Commission, Etc.,* 294 N.W.2d 784 (S.D.1980). Moreover, pursuant to SDCL 1–26–36, this court shall give great weight to the findings made and *inferences drawn by an agency* on questions of fact. Finally, we will find that an agency's action is arbitrary, capricious or an abuse of discretion only when it is unsupported by substantial evidence and is unreasonable and arbitrary. *Application of Dakota Transportation,* 67 S.D. 221, 291 N.W. 589 (1940).

SDCL 49–28–14 provides, in part:

Before granting a permit as a ... Class B motor carrier of property, the public utilities commission shall take into consideration probative evidence showing:

(1) The need for the service proposed by the applicant;

(2) The effect on other existing transportation facilities currently serving

between all points in the state.

the territory for which a permit is sought;

(3) The adequacy of the current service; and

(4) The fitness, willingness and ability of the applicant to provide the service to be authorized by the permit and to comply with all statutory requirements as to safety and any rules promulgated thereto.

Upon taking into consideration the above factors and any other relevant evidence, the commission shall issue a permit if it finds on the basis of a preponderance of the evidence that the transportation to be authorized by the permit is consistent with the public convenience and necessity.... The fact that the issuing of a permit would divert revenue or traffic from an existing carrier may not be the sole reason of the commission for denying a permit....

Rude first argues that PUC violated SDCL 49-28-14 when it found no showing that the proposed service would, if authorized, harmfully affect existing transportation facilities serving the area to an extent contrary to the public interest. Rude contends that in making this statement, PUC based its finding on "the public interest" rather than considering the effects of granting the permit on other existing transportation facilities. Moreover, Rude argues that MME failed to meet its burden of making an affirmative showing that the permit which it sought is consistent with public convenience and necessity.

Second, Rude contends that PUC violated SDCL 49-28-14 when it made no finding on the need for the proposed service, but instead made a finding that there was "some demand" for the service. Rude contends that the finding of "some demand" does not equate with a finding of need for MME's service.

Rude's third and fourth issues assert that PUC's grant of MME's permit was clearly erroneous, arbitrary, capricious or characterized by an abuse of discretion. Rude grounds these arguments on PUC's failure to find a need for MME's proposed service, PUC's finding on the effect of the issuance of the permit on existing carriers, and PUC's finding that current services were adequate.

Rude's arguments are not convincing. SDCL 49-28-14 clearly states that the four enumerated factors in the statute are to be considered in conjunction with *other* relevant evidence and that all such evidence should be considered in determining whether the issuance of the permit would be consistent with the public convenience and necessity. PUC's report and order demonstrates that it considered the four factors set forth in SDCL 49-28-14, as well as other evidence, and determined, by a preponderance of the evidence, that the permit would be consistent with the public convenience and necessity. The statute does not mandate that each of the four elements must be individually proved by a preponderance in order for the permit to issue. Rather, it states that the permit will be issued upon consideration of those elements as well as *other* facts in determining whether the permit is consistent with the public convenience. Further, the statute does not command the finding of necessity in order for the permit to issue. Rather, it commands that such issuance need only be *consistent* with the public necessity.

We find that the evidence was sufficient to establish that the application was consistent with the public convenience and necessity. Applying our standard of review to PUC's factual determinations, we are not left with a definite and firm conviction that PUC erred in issuing the permit to MME. *See Fraser* and *Dakota Harvestore, supra.* Similarly, we do not find PUC's action to be arbitrary, capricious or characterized by an abuse of discretion given the substantial evidence and testimony presented. *Application of Dakota Transportation, supra.*

## III

WHETHER THE CIRCUIT COURT ERRED IN AMENDING PUC'S FINDINGS OF FACT AND CONCLUSIONS OF LAW.

At the conclusion of oral argument, the circuit court orally affirmed PUC's decision in all respects.[2] However, it *instructed counsel for MME to redraft the findings of fact and conclusions of law because of "blurring" between the facts and conclusions in PUC's report and order. The redrafted findings and conclusions prepared by MME's counsel contained findings and conclusions which were not found in PUC's original report and order.* Rude properly contends that the circuit court erred in entering its own findings of fact and conclusions of law which were inconsistent with those of PUC, considering it had previously orally affirmed PUC's decision in all respects. Under SDCL 1–26–36,[3] the circuit court is to enter its own findings and conclusions *only* if it modifies or reverses the agency decision. *State Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D.1984).

However, the circuit court's entering of its own findings and conclusions in this matter merely constitutes harmless error. *See Adkins v. Department of Civil Service*, 140 Mich.App. 202, 362 N.W.2d 919 (1985). In *Adkins*, the court held that although a circuit court should have remanded certain issues back to the administrative agency involved, "the similarity in result of the circuit court's order as compared with the hearing officer's opinion renders any error harmless." *Id.* 362 N.W. 2d at 924. We adopt this rationale and its conclusion.

AFFIRMED.

All the Justices concur.

---

**2.** As we have previously held, a trial court's oral decision is merely an expression of opinion of the facts and law and has no binding effect. Rather its actual findings of fact, conclusions of law and judgment, as signed by the judge, are the binding statements of adjudication. *See Yankton Prod. Credit Ass'n v. Jensen*, 416 N.W.2d 860 (S.D.1987).

**3.** Under SDCL 1–26–36, the circuit court may, upon reviewing the decision of an agency, enter its own findings of fact and conclusions of law *or* may affirm the findings and conclusions of the agency. A reviewing court, moreover, cannot substitute its judgment for that of an agency when factual matters are involved. *See Chicago, M., St. Paul & P.R. Co. v. Bd. of Com'rs*, 248 N.W.2d 386 (S.D.1976).