#26793-r-GAS
**2014 S.D. 41**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JEFFREY I. WHITESELL,             Claimant and Appellee,

v.

RAPID SOFT WATER & SPAS INC.,        Employer and Appellant,

and

ACUITY,                              Insurer and Appellant,

and

ZURICH NORTH AMERICA,            Insurer.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

JAMES D. LEACH
Rapid City, South Dakota          Attorney for claimant
                                        and appellee.


CHARLES A. LARSON
Boyce, Greenfield, Pashby
  & Welk, LLP
Sioux Falls, South Dakota       Attorneys for employer, insurer
                                        and appellants.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 28, 2014
OPINION FILED **07/02/14**

#26793

SEVERSON, Justice

[¶1.]    Rapid Soft Water & Spas, Inc., Acuity, and Zurich North America (collectively "Employer") appeal the Seventh Judicial Circuit Court's reversal of a Department of Labor's (Department) determination that Employer fulfilled its reimbursement obligation under SDCL 62-1-1.3.  We reverse the circuit court.

## Background

[¶2.]    Jeffrey Whitesell suffered a cervical injury at work.  Employer accepted a workers' compensation claim from Whitesell but later denied compensation based on a medical opinion that Whitesell's injury did not remain a major contributing cause of his complained condition.  Whitesell then underwent neck surgery costing $102,546.43.  Whitesell's health insurer (Tricare) covered the surgery's costs at a discounted rate of $20,201.81.  After a hearing, the Department found Employer liable for Whitesell's condition.  Employer then accepted Whitesell's claim and reimbursed Whitesell for his out of pocket expenses ($669.67) and Tricare for payments it made on Whitesell's behalf ($20,201.81).

[¶3.]    Whitesell moved to have Employer pay the full medical expense without the health insurance discount.  The Department found SDCL 62-1-1.3 set forth Employer's obligation ("reimburse the parties not liable for all payments made, including interest") and concluded that Employer fulfilled it.  Whitesell appealed to the circuit court.

[¶4.]    The circuit court heard oral argument and received briefs on the issue.  Ultimately, it reversed the Department's order, ordering Employer liable for the full medical expense billed without the health insurance discount.  The circuit court's

-1-

decision relied heavily on *Wise v. Brooks Constr. Servs.*, 2006 S.D. 80, 721 N.W.2d 461, and on public policy concerns. In the end, the circuit court ordered that Whitesell recover $81,674.96 from Employer payable to Whitesell's attorney, with interest and costs, and that Whitesell's attorney pay the medical providers, less attorney's fees.

[¶5.] Employer appeals, raising three issues: (1) Whether Whitesell has standing to bring this claim; (2) Whether the circuit court erred by not remanding for additional evidence regarding standing; and (3) Whether Employer is liable under SDCL 62-1-1.3 for the medical costs before or after adjustments.

## Standard of Review

[¶6.] SDCL 1-26-37 governs the standard of review, stating in part that this Court "shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court." This Court reviews de novo legal questions, *Schuelke v. Belle Fourche Irrigation Dist.*, 2013 S.D. 82, ¶ 11, 840 N.W.2d 669, 672; including standing, *Arnoldy v. Mahoney*, 2010 S.D. 89, ¶ 12, 791 N.W.2d 645, 652; and statutory interpretation, *Fair v. Nash Finch Co.*, 2007 S.D. 16, ¶ 7, 728 N.W.2d 623, 628.

## Analysis

[¶7.] **Standing**

[¶8.] Employer argues that Whitesell lacked standing to bring this claim because the medical providers, not Whitesell, are the real parties in interest. Whitesell argues that he has standing and that Acuity waived this issue by failing to file a notice of review.

[¶9.]        Before this Court addresses the standing argument, it first must address whether the issue was properly raised.  According to our precedent, a challenge to standing can be waived.  *In re Midwest Motor Express, Inc.*, 431 N.W.2d 160, 162 (S.D. 1988) ("MME, while arguing the issue of standing to the circuit court and in its brief to this court, failed to file a notice of review with either the circuit court (pursuant to SDCL 1-26-36.1) or this court (pursuant to SDCL 15-26A-22).  Because of MME's failure, the issue of Rude's standing is waived.").

[¶10.]        Here, the standing issue arguably was not applicable until after Whitesell's reply brief to the Department, in which he specified that the medical providers would receive the difference between the amount billed and the amount paid.[1]  Because Whitesell argued this theory in his reply brief, Employer contends that it did not have the opportunity to raise standing as an issue.  But that did not prevent Employer from filing a notice of review with the circuit court regarding its standing argument.  Such failure to file a notice of review precludes appellate review of that issue.  *See* SDCL 1-26-36.1; *Midwest Motor*, 431 N.W.2d at 162 (failing to file notice of review on standing waived issue for purposes of appeal); *In re Trade Dev. Bank*, 382 N.W.2d 47, 49 (S.D. 1986) (standing argument not preserved for appeal because the record did not contain a notice of review); *Schuck*

---

1.    Initially in his brief to the Department, Whitesell claimed the funds would be paid to his attorney ("Claimant moves for an order requiring that Acuity pay the remaining $81,674.95, and that it do so through claimant's attorney.").  After Employer in its brief alleged an inappropriate windfall for employee, Whitesell explains in his reply brief that Acuity owes the medical providers the money, but that *Wise*, 2006 S.D. 80, 721 N.W.2d 461, says payment is appropriately made through counsel.

*v. John Morrell & Co.*, 529 N.W.2d 894, 897 (S.D. 1995) (failing to file a notice of review on statute of limitations issue waived it for purposes of appeal).

[¶11.]     Nonetheless, the circuit court allowed Employer to argue the standing issue and Whitesell did not object to the argument based on failing to file a notice of review.[2] The circuit court, however, did not address nor rule on the standing issue in its ruling or its findings and conclusions. That was appropriate because Employer's failure to file a notice of review precluded appellate review, as it does here. As such, we deem Employer's standing argument waived.

[¶12.]     **SDCL 62-1-1.3**

[¶13.]     Employer argues that the circuit court improperly applied SDCL 62-1-1.3's plain language by finding it liable for the full amount of medical expenses before insurance adjustment. Whitesell argues the circuit court properly applied SDCL 62-1-1.3 because an employer should not benefit by denying a claim.

[¶14.]     When reviewing SDCL 62-1-1.3's application, this Court follows the following rules of statutory construction:

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since

---

2.     In turn, Employer argues Whitesell waived the argument of failing to file notice of review. Although Whitesell specifically did not raise as an issue failing to file a notice of review, he generally raised the issue in his reply brief by stating that Employer waived the standing issue.

statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result. When the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.

*Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17).

[¶15.]     SDCL 62-1-1.3 states:[3]

If an employer denies coverage of a claim for any reason under this Title or any reason permissible under Title 58, such injury is presumed to be nonwork related for other insurance purposes, and any other insurer covering bodily injury or disease of the injured employee shall pay according to the policy provisions. If coverage is denied by an insurer without a full explanation of the basis in the insurance policy in relation to the facts or applicable law for denial, the director of the Division of Insurance may determine such denial to be an unfair practice under chapter 58-33. If it is later determined that the injury is compensable under this Title, the employer shall immediately reimburse the parties not liable for all payments made, including interest at the category B rate specified in § 54-3-16.

[¶16.]     "The text of this statute contemplates the situation where an employer has denied coverage of an injury, which is later found to be compensable." *Wise*, 2006 S.D. 80, ¶ 37, 721 N.W.2d at 473. As in *Wise*, that contemplated situation occurred here. Employer initially denied coverage. The injury was deemed nonwork related for health insurance purposes. Tricare then paid the health

---

3.     At the time of Whitesell's injury in 2009, SDCL 62-1-1.3's first clause read: "If an employer denies coverage of a claim on the basis that the injury is not compensable under this title due to the provisions of subsection 62-1-1(7)(a), (b), or (c), . . . ." Appellee concedes the differing language does not change 62-1-1.3's analysis in this case.

providers at their discounted rate per its agreement with the providers. The Department then found the injury was compensable. According to SDCL 62-1-1.3's plain language, Employer was then required to "immediately *reimburse* the parties not liable for all *payments made*, including interest . . . ." SDCL 62-1-1.3 (emphasis added).

[¶17.] In this case, Employer reimbursed Tricare and Whitesell for all payments made. Accordingly, the Department found Employer satisfied its obligations under SDCL 62-1-1.3. We agree.

[¶18.] But the circuit court reversed the Department, exhaustively citing *Wise*, 2006 S.D. 80, 721 N.W.2d 461. In *Wise*, the employer initially denied coverage of employee's injury. Employee incurred medical fees. The Department then found the employee's injury to be compensable. The employer sought to reimburse the employee based on ARSD 47:03:05:05's fee schedule. We held the employer was "liable for the full amount of medical expenses incurred by [the employee]." *Id.* ¶ 38. We further stated that fee payment can be made through the employee's attorney. *Id.* ¶ 39 (citing *Lagge v. Corsica Co-op*, 2004 S.D. 32, ¶ 38, 677 N.W.2d 569, 578).

[¶19.] Based on *Wise*, Whitesell argues that Employer should pay for the full amount of medical services provided to Whitesell. But that is not what *Wise* stands for, and that is not what SDCL 62-1-1.3 requires. *Wise* merely stated that ARSD 47:03:05:05 does not provide SDCL 62-1-1.3's reimbursement amount. *Id.* ¶ 38. Instead, SDCL 62-1-1.3 requires that the employer "reimburse the parties not liable for all payments made, including interest[,]" which is what Employer did here.

[¶20.] The circuit court, in its reversal, makes several policy arguments, including improperly encouraging employers and their insurers to deny claims when employees have insurance and making it difficult for injured employees to obtain counsel. But workers' compensation is a creature of statute. *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 364 (S.D. 1992). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Holscher v. Valley Queen Cheese Factory*, 2006 S.D. 35, ¶ 33, 713 N.W.2d 555, 565 (quoting *Martinmaas*, 2000 S.D. 85, ¶ 49, 612 N.W.2d at 611). Here, SDCL 62-1-1.3's language is clear and the Department appropriately applied it.

## Conclusion

[¶21.] The circuit court erred by reversing the Department's order. The Department correctly applied the law when it determined that Employer satisfied its reimbursement obligation under SDCL 62-1-1.3. We reverse the circuit court and reinstate the Department's order.

[¶22.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.